W. A. Stoeltzing and Margaret Stoeltzing, his wife v. Commissioner.
W. Stoeltzing v. Commissioner
Docket No. 60087.
United States Tax Court
T.C. Memo 1958-111; 1958 Tax Ct. Memo LEXIS 117; 17 T.C.M. (CCH) 567; June 12, 1958
*117 Harland I. Casteel, Esq., Peoples Bank Building, Pittsburgh, Pa., for the petitioners. Leo A. Burgoyne, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax: Additions to Tax,
I.R.C. 1939
Sec. 294
Sec.
Year
Income Tax
(d)(1)(A)
294(d)(2)
1952
$12,104.19
$3,350.16
$987.28
The Commissioner has conceded that petitioners are not liable for the additions to tax and the only question for decision is whether the Commissioner properly disallowed the deduction of certain expenditures made in the taxable year for the repair and renovation of a newly acquired building. Findings of Fact The stipulated facts are so found and the stipulation together with the pertinent exhibits are included herein by this reference. Petitioners are husband and wife. They filed a joint income tax return for the calendar year 1952 with the district director of internal revenue, Pittsburgh, Pennsylvania. W. A. Stoeltzing at all times herein material was engaged in the business of a manufacturers' representative. *118 On June 12, 1952, petitioners purchased land and a building situate at and known as 940 Western Avenue, Pittsburgh 33, Pennsylvania, for a total cost of $18,331.27, of which the cost assigned to the land was $7,060.36 and the cost assigned to the building was $11,270.91. This property was more than 50 years old at the time of purchase and for many years prior thereto part had been used for office space for physicians. The upper floors and the basement were used for storage purposes. Petitioners' purpose in purchasing the property was to facilitate the conduct of petitioners' business, provide adequate parking space for customers and employees, and sufficient office space in which petitioners could conduct business. At the time of purchase the building was in a serious state of disrepair. It had been neglected; windows were broken; the plumbing, electrical, and heating systems were faulty and in need of replacement; the floors were sagged and out of level; the plaster hung loose in spots all over the building; the sash, joists, front door jamb, joints in the hallway, roof, and sheathing under the roof and gutters were rotted out. It was necessary to deepen the basement for the proper *119 installation of a new furnace. Upon the acquisition it was necessary for petitioners to renovate the building so as to make it tenantable and suit it to their purposes. To these ends they expended $22,182.01 for labor and materials. Of this amount petitioners, for Federal income tax purposes, treated $4,602.32 as a capital expenditure. This amount was expended for the installation of electrical fixtures, a new furnace and duct work, a new bathroom and fixtures, and the labor costs incident thereto. The remainder of the $22,182.01, or $17,579.69, was treated by petitioners as a deductible expense for repairs and comprised the following items: (a) Construction of (1) cement steps at both the front and rear of the building, (2) a concrete landing, and (3) a cement driveway. (b) Removal of rubbish from basement and rear of the building. (c) Lumber used for (1) joists, (2) shoring up parts of the first and second floors, (3) several doors in the basement, (4) flooring, (5) trim, (6) replacing rotted-out front and rear doors, and (7) roof and gutter patching. (d) Replacement of electric wiring. (e) Removal of old plumbing and wall-paper. (f) Installations of (1) new roof, *120 (2) window screens, (3) wall covering, (4) accoustical ceiling, and (5) weather stripping. (g) Painting of gutters, outside brick work and inside trim. (h) Plastering. (i) Insulation. (j) Carpenter work. The Commissioner disallowed the claimed deductions as expense "because the expenditures represent capital expenditures for rehabilitating, reconditioning and reconverting for commercial purposes improvements on real estate." He treated the items as capital expenditures and allowed depreciation on an estimated life of 40 years. Opinion This case is concerned with the not uncommon, but often difficult problem of drawing the fine line between what is a deductible expenditure for repairs and what is a capital expenditure returnable through depreciation. Petitioners seek to itemize the expenditures made, conceding that part should be capitalized but contending that most items constitute ordinary repairs deductible in the year the expenditures were made. The Commissioner, on the other hand, has determined that the entire amount should be capitalized, relying on , affirming . We think the *121 Commissioner is correct. Petitioners acquired a building in a serious state of disrepair. At the time of purchase the building was untenantable and it was necessary to renovate the premises not only to make the building tenantable, but also to suit it for use in the petitioners' business. To these ends petitioners expended some $22,000 for labor and materials and made the improvements and repairs specified in our findings of fact. This was almost twice the cost of the building to petitioners. If we were to break down the work done and examine it item by item it might be possible that some items, standing alone, could be characterized as incidental repairs since some of the work was of the type that could recur from year to year. But we see no justification for making such a separate treatment of the items on the record before us. We think it more realistic to treat the project as a whole. The work was all undertaken and completed within the year to ready the building for petitioners' use. As we see it this is not a case of incidental repairs. It was the renovation of an untenantable building, strikingly similar in extent to the renovating involved in *122 While there is some testimony that, despite the size of the expenditure, not more was added to the value of the building by the work done than the petitioners concede should be capitalized, the answer to the question whether an expenditure constitutes a capital improvement or a deductible expense does not depend upon whether or not it increases the value of the property. . We hold that the Commissioner's determination in capitalizing the entire amount of the expenditures was proper. Decision will be entered under Rule 50.